IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,    )
                                 )
                    Plaintiff,   )   District Court
vs.                              )   Case No.
                                 )   10-10137
GARY JAY HIBLER,                 )
                                 )
                    Defendant.   )
                                 )


TRANSCRIPT OF PLEA HEARING

On the 20th day of December, 2010, came on to be heard proceedings in the above-entitled and numbered cause before the HONORABLE ERIC F. MELGREN, Judge of the United States District Court for the District of Kansas, sitting in Wichita, commencing at 2:59 p.m.  Proceedings recorded by machine shorthand.  Transcript produced by computer-aided transcription.

APPEARANCES:

The plaintiff appeared by and through:
        Mr. Jason W. Hart
        United States Attorney's Office
        301 North Main
        1200 Epic Center
        Wichita, Kansas  67202

The defendant appeared by and through:
        Mr. Steven K. Gradert
        Federal Public Defender's Office
        850 Epic Center
        301 North Main
        Wichita, Kansas 67202-1508

12-20-10   USA v. HIBLER   10-10137

2

| | | |
|---|---|---|
| 15:00:07 | 1 | COURTROOM DEPUTY:  All rise.  The United States |
| 15:00:09 | 2 | District Court for the District of Kansas is now in session, |
| 15:00:11 | 3 | the Honorable Eric F. Melgren presiding. |
| 15:00:16 | 4 | THE COURT:  Good morning.  You may be seated. |
| 15:00:19 | 5 | We're here in the case of the United States versus |
| 15:00:25 | 6 | Hibler, Case No. 10-10137.  United States appears by Assistant |
| 15:00:33 | 7 | United States Attorney Jason Hart, and the defendant appears in |
| 15:00:38 | 8 | person and by his attorney, Assistant Federal Public Defender |
| 15:00:41 | 9 | Steve Gradert. |
| 15:00:42 | 10 | Sir, you are Mr. Gary Hibler? |
| 15:00:48 | 11 | THE DEFENDANT:  Yes, sir. |
| 15:00:48 | 12 | THE COURT:  Mr. Hibler, I'm going to ask you some |
| 15:00:51 | 13 | questions this afternoon, and your answers will be under oath |
| 15:00:55 | 14 | and on the record.  And what that means is that if you were to |
| 15:00:59 | 15 | later change your answers or if you were to give false answers, |
| 15:01:05 | 16 | the United States could prosecute you for perjury or for false |
| 15:01:08 | 17 | statements.  Do you understand that, sir? |
| 15:01:10 | 18 | THE DEFENDANT:  Yes, sir. |
| 15:01:10 | 19 | THE COURT:  Do you have any objection to taking an |
| 15:01:12 | 20 | oath to tell the truth in this proceeding? |
| 15:01:14 | 21 | THE DEFENDANT:  No, Your Honor. |
| 15:01:15 | 22 | THE COURT:  Would you please stand and the court |
| 15:01:17 | 23 | clerk will swear you in. |
| 15:01:18 | 24 | (The defendant complies.) |
| 15:01:19 | 25 | COURTROOM DEPUTY:  Raise your right hand, please. |

| | | |
|---|---|---|
| 15:01:20 | 1 | You do solemnly swear that the statements given in |
| 15:01:25 | 2 | the petition to enter a plea of guilty herein are true and |
| 15:01:28 | 3 | correct, and that any oral statements you make at this hearing |
| 15:01:31 | 4 | are true and correct, so help you God?  If so, please say, "I |
| 15:01:35 | 5 | do." |
| 15:01:36 | 6 | THE DEFENDANT:  I do. |
| 15:01:37 | 7 | THE COURT:  Thank you.  You can be seated. |
| 15:01:37 | 8 | (The defendant complies.) |
| 15:01:39 | 9 | THE COURT:  And, sir, you can answer my questions |
| 15:01:40 | 10 | while seated at counsel table unless I direct you otherwise. |
| 15:01:44 | 11 | I'm advised that you're 46 years of age and that |
| 15:01:49 | 12 | you've completed education through the 12th grade.  Is that |
| 15:01:53 | 13 | correct? |
| 15:01:54 | 14 | THE DEFENDANT:  Yes, Your Honor. |
| 15:01:54 | 15 | THE COURT:  Have you had any alcohol to drink in |
| 15:01:57 | 16 | the past 24 hours? |
| 15:01:59 | 17 | THE DEFENDANT:  No, Your Honor. |
| 15:01:59 | 18 | THE COURT:  At any time during the past seven days |
| 15:02:03 | 19 | have you taken any drugs or medication of any kind, whether |
| 15:02:06 | 20 | legal or otherwise? |
| 15:02:07 | 21 | THE DEFENDANT:  Yes, Your Honor. |
| 15:02:07 | 22 | THE COURT:  What have you taken? |
| 15:02:09 | 23 | THE DEFENDANT:  I take Prilosec daily and Zyrtec, |
| 15:02:14 | 24 | an allergy prescription. |
| 15:02:16 | 25 | THE COURT:  Okay.  Do either of those interfere |

12-20-10   USA v. HIBLER   10-10137

4

15:02:18  1   with your understanding to know clearly what's going on or

15:02:23  2   affect your ability to respond accurately in this proceeding?

15:02:26  3                THE DEFENDANT:  No, Your Honor.

15:02:27  4                THE COURT:  All right.  Have you ever had any

15:02:29  5   mental health problems?

15:02:32  6                THE DEFENDANT:  No.

15:02:32  7                THE COURT:  Have you ever been under the care of a

15:02:34  8   psychiatrist or a psychologist or a mental health professional?

15:02:37  9                THE DEFENDANT:  No, Your Honor.

15:02:38  10               THE COURT:  Have you ever been found incompetent

15:02:41  11  by a court to handle your own affairs or make your own

15:02:43  12  decisions?

15:02:44  13               THE DEFENDANT:  No, Your Honor.

15:02:45  14               THE COURT:  Mr. Hibler, you're represented in this

15:02:48  15  case by your attorney, Steve Gradert.  Have you had sufficient

15:02:51  16  time to discuss this case with Mr. Gradert?

15:02:54  17               THE DEFENDANT:  Yes, Your Honor.

15:02:57  18               THE COURT:  Has he talked to you about if you went

15:03:00  19  to trial what charges you would face and the nature of the

15:03:03  20  evidence against you and what your defenses might be?

15:03:06  21               THE DEFENDANT:  Yes, Your Honor.

15:03:06  22               THE COURT:  Are you satisfied with the way that

15:03:09  23  Mr. Gradert's handling your case?

15:03:11  24               THE DEFENDANT:  Yes, Your Honor.

15:03:12  25               THE COURT:  Mr. Gradert continues to be your

15:03:15  1  attorney throughout this hearing and any other hearings that we

15:03:18  2  have with respect to this matter, and so at any time before you

15:03:24  3  answer a question that I put to you or make a statement in

15:03:27  4  court, if you would like to first consult with your attorney

15:03:31  5  about what you should say or what your response should be,

15:03:34  6  you're entitled to do that.  And if you let me know you'd like

15:03:37  7  to do that, I'll give you as much time as you need.  Do you

15:03:40  8  understand?

15:03:41  9           THE DEFENDANT:  Yes, Your Honor.

15:03:41  10           THE COURT:  By the same token, Mr. Hibler, if you

15:03:45  11  don't tell me that you want to consult with your attorney

15:03:47  12  before making a response, then we're all going to assume that

15:03:52  13  you feel adequate and prepared to make a full and truthful

15:03:55  14  response to whatever the issue is.  Is that fair?

15:03:57  15           THE DEFENDANT:  Yes, Your Honor.

15:03:58  16           THE COURT:  All right.  I want to talk to you some

15:04:01  17  about your plans to plead guilty, explain to you some rights

15:04:06  18  that you have that you'll be giving up by doing so, and talk to

15:04:11  19  you about some of the ramifications of that.  If there's

15:04:16  20  anything that I say that you're not clear about -- and, you

15:04:22  21  know, we all do this on a regular basis and so we may gloss

15:04:26  22  over something or move too quickly and assume you understand

15:04:29  23  where you don't, and I want you to understand.  So if there's

15:04:33  24  anything I say that confuses you or you don't understand, I

15:04:37  25  want you to let me know and I will take whatever time we need

12-20-10   USA v. HIBLER   10-10137

6

| 15:04:40 | 1 | to explain it to you so that you understand fully; all right? |
| 15:04:44 | 2 | THE DEFENDANT:  Yes, Your Honor. |
| 15:04:44 | 3 | THE COURT:  And, again, if you don't tell me that |
| 15:04:47 | 4 | you don't understand what I've said or what my questions are, |
| 15:04:51 | 5 | then we're all going to assume that you do, and that you're |
| 15:04:54 | 6 | capable of making a full and accurate answer to my questions. |
| 15:04:57 | 7 | Is that fair? |
| 15:04:58 | 8 | THE DEFENDANT:  Yes, Your Honor. |
| 15:04:58 | 9 | THE COURT:  All right.  You've been charged by the |
| 15:05:04 | 10 | grand jury in this case in a two-count superseding indictment. |
| 15:05:08 | 11 | Are you familiar with this document? |
| 15:05:10 | 12 | THE DEFENDANT:  Yes, sir, Your Honor. |
| 15:05:12 | 13 | THE COURT:  You've discussed it with your |
| 15:05:13 | 14 | attorney? |
| 15:05:14 | 15 | THE DEFENDANT:  Yes. |
| 15:05:14 | 16 | THE COURT:  And do you think you understand the |
| 15:05:18 | 17 | nature and significance of what you're charged with? |
| 15:05:20 | 18 | THE DEFENDANT:  Yes, Your Honor. |
| 15:05:21 | 19 | THE COURT:  Mr. Gradert, are you confident that |
| 15:05:23 | 20 | your client understands the nature and significance of the |
| 15:05:26 | 21 | charges against him? |
| 15:05:27 | 22 | MR. GRADERT:  Yes, Your Honor. |
| 15:05:30 | 23 | THE COURT:  Specifically you're charged by the |
| 15:05:33 | 24 | jury -- just a second.  Specifically you're charged by the jury |
| 15:05:46 | 25 | in Count 1, Mr. Hibler, with being the parent or legal guardian |

15:05:54   1   of a minor referred to in court documents as J.H., who was born

15:06:00   2   in 1999; that you knowingly permitted this minor to engage in

15:06:05   3   sexually explicit conduct for the purpose of transmitting a

15:06:09   4   live visual depiction of such conduct which exposed his

15:06:12   5   genitals, including masturbating in front of an active web

15:06:16   6   camera; that you knew that this visual depiction would be

15:06:20   7   transmitted by use of -- be transmitted in interstate commerce,

15:06:27   8   and that such depiction was actually transported or transmitted

15:06:32   9   by a facility using that over the wires.  You're familiar with

15:06:39   10  this charge?

15:06:39   11            THE DEFENDANT:  Yes, Your Honor.

15:06:43   12            THE COURT:  Count 2 charges you with knowingly and

15:06:47   13  intentionally possessing one or more matters which contain

15:06:50   14  visual depiction of minors engaging in sexually explicit

15:06:56   15  conduct and that such depictions have been mailed, shipped, or

15:06:59   16  transported in interstate commerce by computer.  And you're

15:07:03   17  familiar with that charge?

15:07:04   18            THE DEFENDANT:  Yes, Your Honor.

15:07:08   19            THE COURT:  Under Count 1 the sentence that you're

15:07:10   20  facing by law is a minimum sentence of not less than 15 years,

15:07:20   21  with a maximum sentence of up to 30 years, followed by a term

15:07:24   22  of supervised release of up to five years.

15:07:31   23            MR. GRADERT:  Actually, Your Honor, that

15:07:33   24  supervised release --

15:07:33   25            THE COURT:  I'm reading from your petition,

15:07:35   1    Mr. Gradert, but it doesn't quite make sense to me as I look at

15:07:38   2    it now.

15:07:39   3                    MR. GRADERT:  Actually, Your Honor, it should be

15:07:40   4    at least five years and not to exceed life imprisonment.

15:07:43   5                    THE COURT:  What's the 30-year reference?

15:07:45   6                    MR. GRADERT:  The 30-year reference is the maximum

15:07:48   7    prison sentence, Your Honor, five to 30 -- or, excuse me, 15 to

15:07:52   8    30 is the prison sentence, and five to life is the supervised

15:07:58   9    release term, and then the fine is not less than zero nor more

15:08:07   10   than 250,000.

15:08:07   11                   THE COURT:  Right, I see that, but I don't

15:08:09   12   understand your petition that says 15 years to 30 years,

15:08:14   13   followed by supervised release of five years not to exceed life

15:08:17   14   imprisonment.

15:08:18   15                   MR. GRADERT:  Oh, I'm sorry, Your Honor.  It

15:08:20   16   should be -- it should be "a life term of supervised release."

15:08:23   17                   THE COURT:  I see.

15:08:24   18                   MR. GRADERT:  Can I modify that by interlineation

15:08:26   19   on the original, Your Honor?

15:08:28   20                   THE COURT:  Would you, please.  And I should have

15:08:29   21   caught that before, and I apologize.

15:08:30   22                   MR. GRADERT:  I apologize, too, Your Honor, but I

15:08:32   23   was dealing with two different petitions and we kind of messed

15:08:35   24   up the first one and I thought I had the second one correct,

15:08:37   25   but I'll line out "imprisonment" and include "life term of

15:08:43 1   supervised release."

15:08:43 2           THE COURT:  And I think in the next paragraph you

15:08:45 3   need to do the same thing.

15:08:46 4           MR. GRADERT:  I believe that's probably correct,

15:08:48 5   Your Honor, 'cause I think it's the same term on both counts.

15:08:57 6           THE COURT:  All right.  So, Mr. Hibler, the first

15:08:59 7   count that you face in this document carries a minimum sentence

15:09:02 8   of not less than 15 years and a maximum sentence of 30 years,

15:09:09 9   followed by a term of supervised release of no less than five

15:09:15 10  years and as long as life, a fine of up to $250,000, and a

15:09:25 11  mandatory special assessment of a hundred dollars.  Do you

15:09:29 12  understand that, sir?

15:09:30 13          THE DEFENDANT:  Yes, sir.

15:09:31 14          THE COURT:  And the sentence that you face as to

15:09:33 15  the second count of the indictment carries a sentence in jail

15:09:36 16  of up to ten years, with a term of supervised release of no

15:09:42 17  less than five years and up to life, and a fine of up to

15:09:46 18  $250,000, and a special assessment of a hundred dollars.

15:09:55 19          You understand that these are the sentences

15:09:58 20  provided by law for the offenses to which you're pleading, sir?

15:10:00 21          THE DEFENDANT:  Yes.

15:10:02 22          THE COURT:  All right.  Supervised release, let me

15:10:05 23  talk about that because most people understand what a sentence

15:10:10 24  of a term of imprisonment or of a monetary penalty means.

15:10:14 25  Supervised release means that after you've served whatever

12-20-10   USA v. HIBLER   10-10137

10

15:10:20   1   period of incarceration may be given to you in this case,

15:10:23   2   you'll then, upon release, be supervised by a United States

15:10:28   3   probation officer for a period of time.  And during that period

15:10:31   4   of time, you'll be required to comply with the terms and

15:10:33   5   conditions of your supervision and those terms and conditions

15:10:38   6   will be announced at the time of your sentencing.

15:10:40   7            If you fail to comply with those terms and

15:10:42   8   conditions, if you violate them, or if you commit another

15:10:46   9   crime, the probation office can report you back to court and

15:10:50   10   request a hearing to determine if you're in violation of your

15:10:54   11   supervised release.  And if I or another judge were to decide

15:10:57   12   that you were in violation of your supervised release, that

15:11:00   13   could result in you facing an additional term of incarceration,

15:11:04   14   even though you would have otherwise served the term that would

15:11:11   15   have been sentenced at the time of your sentencing.  And a

15:11:15   16   judge could find that you were subject to an additional term of

15:11:18   17   incarceration without you having the right to go before a trial

15:11:22   18   by jury and have that found beyond a reasonable doubt.

15:11:26   19            Do you have any questions about that?

15:11:28   20            THE DEFENDANT:  No.

15:11:29   21            THE COURT:  You understand that?

15:11:29   22            THE DEFENDANT:  Yes.

15:11:30   23            THE COURT:  You understand, Mr. Hibler, that if

15:11:33   24   you went to trial, the United States would have the burden of

15:11:41   25   proving each element of each of these offenses with which

15:11:44  1    you're charged; they'd have to prove that beyond a reasonable

15:11:47  2    doubt to a jury; you would not be in any way required to prove

15:11:53  3    that you were innocent, but it would be the United States

15:11:56  4    burden to prove that you were guilty of each element of each

15:11:58  5    offense with which you're charged.  Is that clear?

15:12:00  6              THE DEFENDANT:  Yes.

15:12:01  7              THE COURT:  What I want to talk with you now

15:12:06  8    about, Mr. Hibler, is I want to be sure that you understand

15:12:11  9    that you do not have to plead guilty.  You're entitled to have

15:12:16  10   this trial if you want one.  If you went to trial, we would

15:12:20  11   select a jury of 12 ordinary individuals, each of whom would

15:12:24  12   persuade me that they could give you a fair and impartial trial

15:12:28  13   to sit as the jury in your case.  We'd actually impanel a group

15:12:33  14   of more than 12 jurors who I would qualify as being fair and

15:12:37  15   impartial, and from that larger group both your attorney and

15:12:40  16   the United States Attorney would be entitled to remove some

15:12:44  17   without having to give me any reason at all for removing them,

15:12:47  18   and only the 12 who are left would sit as a jury in your case.

15:12:52  19              Once the trial started, I would inform this jury

15:12:55  20   that it must presume you to be innocent of all these charges

15:13:02  21   unless and until the United States Attorney's office could

15:13:07  22   convince each of them, and all of them unanimously, beyond a

15:13:14  23   reasonable doubt, that you had committed each element of these

15:13:16  24   offenses with which you're charged.

15:13:19  25              You'd continue to be entitled to have an attorney

15:13:22 1    to assist you in getting ready for trial and to assist you

15:13:25 2    throughout trial.  You'd be entitled to a speedy trial, which

15:13:29 3    means you could not be held indefinitely without trial but

15:13:32 4    would have the right to move promptly to trial.

15:13:35 5              At trial you'd have the right to see and confront

15:13:38 6    any witness the Government called to prove its case against you

15:13:41 7    and to have your lawyer ask them whatever questions you thought

15:13:44 8    helpful -- he thought were helpful and appropriate to your

15:13:47 9    defense.  And you'd have the right to call witnesses of your

15:13:50 10   own in your own defense, but you yourself could not be required

15:13:55 11   to take the stand and forced to answer questions, but would

15:13:58 12   have the right to remain silent.  And if you remain silent, I

15:14:02 13   would inform the jury that it could not use that silence as any

15:14:06 14   evidence of your guilt in any way.  If you were convicted, you

15:14:10 15   would have the right to an appeal.

15:14:12 16             Do you understand that you have all these rights

15:14:15 17   to go to trial if you choose exercise them, Mr. Hibler?

15:14:18 18             THE DEFENDANT:  Yes, Your Honor.

15:14:18 19             THE COURT:  If you choose to plead guilty today,

15:14:20 20   and if I accept your plea, you'll still have the right to an

15:14:27 21   attorney throughout these proceedings, and you'll still have

15:14:30 22   the right to an appeal, but all these other rights to trial

15:14:34 23   that I've discussed with you you'll give up.  And once I've

15:14:37 24   accepted your plea, that's final, you'll give them up for all

15:14:40 25   time.  Do you understand that?

15:14:42  1              THE DEFENDANT:  Yes, Your Honor.

15:14:43  2              THE COURT:  Do you still want to plead guilty?

15:14:45  3              THE DEFENDANT:  Yes, Your Honor.

15:14:46  4              THE COURT:  Do you have any questions about this?

15:14:47  5              THE DEFENDANT:  No.

15:14:49  6              THE COURT:  All right, I've been provided with a

15:14:55  7    copy of your petition to enter plea of guilty and order

15:14:59  8    entering plea.  Have you seen this document and have you

15:15:02  9    discussed it with your attorney?

15:15:03  10             THE DEFENDANT:  Yes, Your Honor.

15:15:04  11             THE COURT:  Do you have any questions about it?

15:15:06  12             THE DEFENDANT:  No, Your Honor.

15:15:07  13             THE COURT:  Do you think you understand the

15:15:09  14   significance and the consequences of this document that -- the

15:15:15  15   significance and consequences of signing this document and

15:15:17  16   presenting it to the Court?

15:15:18  17             THE DEFENDANT:  Yes, Your Honor.

15:15:19  18             THE COURT:  Mr. Gradert, are you confident that

15:15:20  19   your client understands the significance of this signing and

15:15:26  20   submitting this petition?

15:15:27  21             MR. GRADERT:  Yes, I am, Your Honor.

15:15:29  22             THE COURT:  Do you understand, Mr. Hibler, that if

15:15:31  23   you -- that if you sign this document and submit it to me,

15:15:34  24   you're permanently waiving your right to a trial?

15:15:37  25             THE DEFENDANT:  Yes, Your Honor.

12-20-10   USA v. HIBLER   10-10137

14

| 15:15:39 | 1 | THE COURT:  You understand that in this document |
| 15:15:46 | 2 | you're admitting that you were guilty, you're admitting under |
| 15:15:51 | 3 | oath that you committed the crimes with which you're charged |
| 15:15:55 | 4 | and that you are guilty of those crimes; you understand that? |
| 15:15:58 | 5 | THE DEFENDANT:  Yes, Your Honor. |
| 15:15:59 | 6 | THE COURT:  And you understand that by submitting |
| 15:16:03 | 7 | this document to me you're telling me that you want to plead |
| 15:16:05 | 8 | guilty to these crimes and that you want me to find you guilty |
| 15:16:10 | 9 | and accept your plea; is that clear? |
| 15:16:13 | 10 | THE DEFENDANT:  Yes, Your Honor. |
| 15:16:13 | 11 | THE COURT:  And that by doing so you'll waive your |
| 15:16:17 | 12 | right to trial? |
| 15:16:18 | 13 | THE DEFENDANT:  Yes, Your Honor. |
| 15:16:19 | 14 | THE COURT:  Let me talk to you about the |
| 15:16:23 | 15 | sentencing guidelines.  Have you discussed the sentencing |
| 15:16:25 | 16 | guidelines with your attorney in this case? |
| 15:16:28 | 17 | THE DEFENDANT:  Yes, Your Honor. |
| 15:16:28 | 18 | THE COURT:  You understand that under the |
| 15:16:31 | 19 | sentencing guidelines once you've been found guilty your |
| 15:16:36 | 20 | criminal history is compared with the level of your offense |
| 15:16:40 | 21 | conduct and it arrives at a recommended range of a sentence |
| 15:16:49 | 22 | that will be provided to the Court; you understand that? |
| 15:16:51 | 23 | THE DEFENDANT:  Yes, Your Honor. |
| 15:16:52 | 24 | THE COURT:  And you know that the Court will look |
| 15:17:00 | 25 | at that sentencing guideline range of sentence, but the |

| | | |
|---|---|---|
| 15:17:04 | 1 | sentence that you receive in this case is entirely up to me; is |
| 15:17:07 | 2 | that clear? |
| 15:17:07 | 3 | THE DEFENDANT:  Yes, Your Honor. |
| 15:17:08 | 4 | THE COURT:  Mr. Hibler, are you signing this |
| 15:17:24 | 5 | petition and presenting it to the Court because you actually |
| 15:17:27 | 6 | are guilty of the offenses with which you've been charged? |
| 15:17:31 | 7 | THE DEFENDANT:  From what I've been told, yes. |
| 15:17:34 | 8 | THE COURT:  Well, are you familiar with what |
| 15:17:37 | 9 | charges you're facing in this petition? |
| 15:17:39 | 10 | THE DEFENDANT:  Yes, Your Honor. |
| 15:17:40 | 11 | THE COURT:  And are you -- did you commit the |
| 15:17:42 | 12 | offenses that are alleged in the superseding indictment? |
| 15:17:44 | 13 | THE DEFENDANT:  I have been told that I have, yes, |
| 15:17:47 | 14 | Your Honor. |
| 15:17:47 | 15 | THE COURT:  Well, do you believe that you have? |
| 15:17:48 | 16 | Have you committed the facts that are alleged in this |
| 15:17:51 | 17 | indictment? |
| 15:17:52 | 18 | THE DEFENDANT:  I know that I have, and -- on |
| 15:17:54 | 19 | Count 2, Your Honor.  And from what they've told me, in |
| 15:18:01 | 20 | Count 1, yes.  I have not seen what they've got, and I do not |
| 15:18:06 | 21 | remember that happening, but from what my attorney has told me, |
| 15:18:10 | 22 | yes, I'm guilty of Count 1 also. |
| 15:18:16 | 23 | THE COURT:  Well, Mr. Hibler, Count 1 says that |
| 15:18:21 | 24 | you permitted your minor child to engage in sexually explicit |
| 15:18:27 | 25 | conduct, exposing his genitals and masturbating in front of a |

| | |
|---|---|
| 15:18:31 | 1 |
| 15:18:34 | 2 |
| 15:18:34 | 3 |
| 15:18:36 | 4 |
| 15:18:40 | 5 |
| 15:18:44 | 6 |
| 15:18:45 | 7 |
| 15:18:46 | 8 |
| 15:18:48 | 9 |
| 15:18:50 | 10 |
| 15:18:54 | 11 |
| 15:18:57 | 12 |
| 15:19:03 | 13 |
| 15:19:07 | 14 |
| 15:19:15 | 15 |
| 15:19:18 | 16 |
| 15:19:19 | 17 |
| 15:19:22 | 18 |
| 15:19:26 | 19 |
| 15:19:30 | 20 |
| 15:19:33 | 21 |
| 15:19:35 | 22 |
| 15:19:39 | 23 |
| 15:19:43 | 24 |
| 15:19:46 | 25 |

web camera.  Are you saying that you don't know whether you did
that?

THE DEFENDANT:  I don't remember doing it, but
they -- my attorney has said that they've got a video of him
and I doing that, and if they do, that's -- then I'm guilty,
Your Honor.

THE COURT:  You've not seen this video?

THE DEFENDANT:  No, I have not.

THE COURT:  And you do not remember it?

THE DEFENDANT:  No, I do not.

MR. HART:  Your Honor, if it would assist the
Court and Mr. Hibler in perhaps refreshing his recollection, I
have stills of that, and I know Mr. Gradert has reviewed the
material.  I would anticipate that at trial Mr. Hibler would be
able to actually review the evidence as we would present it to
a jury.

I have stills available which were presented to
the grand jury in their determination.  I can present those to
Mr. Gradert for him to review here in open court with his
client, as relates to the specific Count 1.

MR. GRADERT:  Your Honor, I've checked with
Mr. Hibler.  Mr. Hibler just informed me that he does not need
to look at the still images.  And Mr. Hart is correct, Your
Honor; I have reviewed not only the still images but also the
actual video and can state that it does clearly appear to be my

| | | |
|---|---|---|
| 15:19:52 | 1 | client and a young boy, who I believe may very well be his son. |
| 15:19:59 | 2 | It was done in a residence that appears to be the residence |
| 15:20:03 | 3 | that he resided in. |
| 15:20:04 | 4 | THE COURT:  Well, but, Mr. Gradert, the difficulty |
| 15:20:07 | 5 | I have is that I don't have an admission from your client, a |
| 15:20:13 | 6 | voluntary, knowing admission from your client that he's |
| 15:20:17 | 7 | committed conduct which would allow me to accept a guilty plea |
| 15:20:23 | 8 | from him as to Count 1. |
| 15:20:24 | 9 | MR. GRADERT:  I understand the difficulty.  If I |
| 15:20:26 | 10 | could just have a moment, Your Honor. |
| 15:20:27 | 11 | THE COURT:  All right. |
| 15:20:28 | 12 | (Whereupon, a sotto voce discussion was had |
| 15:20:28 | 13 | between Mr. Gradert and the defendant.) |
| 15:20:44 | 14 | MR. GRADERT:  Your Honor, in talking with |
| 15:20:47 | 15 | Mr. Hibler -- and I don't know if the Court can get through a |
| 15:20:51 | 16 | plea with these facts, but what Mr. Hibler has indicated to me, |
| 15:20:54 | 17 | and I just want to clarify the record, is that he doesn't have |
| 15:20:58 | 18 | a specific recollection of making this particular video, but he |
| 15:21:03 | 19 | is not denying that he may have made this video if it, in fact, |
| 15:21:08 | 20 | exists, and does not deny that it happened, because it is out |
| 15:21:17 | 21 | there. |
| 15:21:22 | 22 | THE COURT:  Well, Mr. Hibler, tell me in your own |
| 15:21:29 | 23 | words what you admit to your conduct having been with respect |
| 15:21:34 | 24 | to this Count 1. |
| 15:21:37 | 25 | THE DEFENDANT:  I -- I do not have any |

15:21:44    1    recollection of this particular event.  I mean, I do know that

15:21:53    2    John and I had been on webcam in the past.  We'd always been

15:21:58    3    fully clothed.  I don't know, don't remember this happening.  I

15:22:05    4    mean, it may have.  I mean, it has.  They've told me it has.

15:22:13    5    My attorney's seen the video and says that it is me, and if

15:22:19    6    that's the case, I want to accept the responsibility and go on.

15:22:25    7            THE COURT:  Well, Mr. Hibler, I appreciate very

15:22:30    8    much your willingness to accept responsibility, but in order

15:22:34    9    for me to actually accept your guilty plea and, thereby, accept

15:22:40   10    your waiver of your right to go to trial, I probably need to

15:22:44   11    have a clear admission from you that you've committed the

15:22:48   12    conduct with which you're charged here.  I wonder if we should

15:22:53   13    accept Mr. Hart's offer to have you examine the documentation.

15:23:00   14            And you have that documentation here, Mr. Hart,

15:23:02   15    with you?

15:23:02   16            MR. HART:  Yes, Your Honor.  And just so the Court

15:23:04   17    is aware, it is a collection of seven images that progress

15:23:11   18    through the video.  So they are not all of Mr. Hibler and the

15:23:18   19    minor child either in graphic display of the genitals or

15:23:23   20    masturbating, but they do show the progression of what was

15:23:27   21    going on in the video, which may be sufficient for refreshing

15:23:33   22    Mr. Hibler's recollection as to the events that are alleged to

15:23:37   23    have occurred on October 30th of 2008.

15:23:45   24            THE COURT:  I don't think, based on the

15:23:46   25    representations I have so far, Mr. Gradert, that I can accept

15:23:52  1  your client's plea as to Count 1.  Should we take a recess and

15:23:57  2  have him look through the evidence that Mr. Hart's proffered

15:24:01  3  for his examination?

15:24:06  4            THE DEFENDANT:  (Shaking head.)

15:24:08  5            MR. GRADERT:  Let me think here just a moment,

15:24:10  6  Your Honor.

15:24:11  7            (Whereupon, a sotto voce discussion was had

15:24:12  8            between Mr. Gradert and the defendant.)

15:24:46  9            MR. GRADERT:  Your Honor, I think Mr. Hibler

15:24:47  10  doesn't really want to look at the images, but he's told me

15:24:51  11  here now that he's willing to say that although he doesn't have

15:24:54  12  a very good recollection of what occurred, that he does not

15:24:59  13  deny that it happened the way the Government has presented it

15:25:02  14  and the way I've reviewed the evidence.

15:25:08  15            THE COURT:  And I appreciate the difficulty of

15:25:13  16  this situation personally for Mr. Hibler.  I do.  But,

15:25:18  17  Mr. Hart, what's the United States position?  Can I accept a

15:25:23  18  plea on an "I don't deny" as opposed to the basis of an

15:25:30  19  admission, because I'm not sure that I'm comfortable doing

15:25:32  20  that?

15:25:32  21            MR. HART:  Your Honor, I think that would be an

15:25:35  22  Alford plea and I'm not real comfortable doing that at this

15:25:38  23  period of time.  We do have -- we have the chat that occurred

15:25:46  24  on that evening, which may assist Mr. Hibler's recollection as

15:25:52  25  to the events as they occurred, and we also have the images.

| | | |
|---|---|---|
| 15:25:55 | 1 | And while I do appreciate that he's not particularly interested |
| 15:26:00 | 2 | in reviewing them, we can -- I can remove the ones that show -- |
| 15:26:07 | 3 | I suppose I could remove the most distasteful ones, which are |
| 15:26:11 | 4 | those that show the minor child -- the minor child exposing his |
| 15:26:17 | 5 | genitals, but that sort of gets to the core of what the offense |
| 15:26:23 | 6 | is, so -- |
| 15:26:26 | 7 | THE COURT:  I think, counsel, I agree with |
| 15:26:28 | 8 | Mr. Hart, that I'm not sure that I can accept essentially a |
| 15:26:32 | 9 | nolo plea.  I think what I'm going to suggest is this.  I have |
| 15:26:35 | 10 | another matter scheduled at 4:00 o'clock.  Let us take a recess |
| 15:26:40 | 11 | for an hour.  I'm going to ask the marshals to take you back |
| 15:26:43 | 12 | downstairs.  And, Mr. Gradert, if you can perhaps take the |
| 15:26:50 | 13 | evidence yourself that Mr. Hart has and talk through with your |
| 15:26:56 | 14 | client, perhaps the chat will refresh his recollection, perhaps |
| 15:27:00 | 15 | some of the predicate pictures that, as Mr. Hart indicated, are |
| 15:27:04 | 16 | less distasteful might refresh his recollection. |
| 15:27:09 | 17 | I'm not certain that I can, respectful of his |
| 15:27:13 | 18 | rights, accept the type of a plea that he's prepared to offer |
| 15:27:16 | 19 | at this point.  And I don't want to make this any more |
| 15:27:20 | 20 | difficult than it has to be, but I think we need something more |
| 15:27:23 | 21 | than what your client's prepared, in all candor, to offer at |
| 15:27:27 | 22 | this point. |
| 15:27:27 | 23 | So I'm going to recess this proceeding for an |
| 15:27:31 | 24 | hour, ask you to accompany your client back downstairs with |
| 15:27:34 | 25 | what Mr. Hart has, and maybe discuss issues with him, and let's |

| | | |
|---|---|---|
| 15:27:41 | 1 | reconvene at 4:30 and see if we're in a better situation at |
| 15:27:46 | 2 | that point. |
| 15:27:46 | 3 | Mr. Hart? |
| 15:27:46 | 4 | MR. HART:  Your Honor, if I may, it would be my |
| 15:27:49 | 5 | preference, in conformity with 18 U.S.C. 3509(m), while I know |
| 15:27:57 | 6 | that Mr. Gradert is not going walk off with the images, if we |
| 15:28:01 | 7 | could conduct that review right here and then the conversation |
| 15:28:03 | 8 | down in holding or wherever, that would be my preference. |
| 15:28:05 | 9 | THE COURT:  And that's certainly appropriate.  And |
| 15:28:08 | 10 | I think you're correct, given the nature of the evidence, and |
| 15:28:13 | 11 | in accordance with law and with certainly no aspersions at all |
| 15:28:18 | 12 | cast on Mr. Gradert, to comply with law I think that would be |
| 15:28:23 | 13 | appropriate.  So why don't you all -- just a second.  Cindy. |
| 15:28:31 | 14 | (Whereupon, a sotto voce discussion was had |
| 15:28:32 | 15 | between the Court and the courtroom deputy.) |
| 15:28:48 | 16 | MR. GRADERT:  Your Honor?  I'm sorry, but |
| 15:28:49 | 17 | Mr. Hibler has told me again that he really doesn't want to |
| 15:28:52 | 18 | look at the images, and I know that that would maybe assist |
| 15:28:55 | 19 | him, but he has told me here that he's prepared to tell the |
| 15:28:58 | 20 | Court that he did what is alleged in Count 1. |
| 15:29:00 | 21 | THE COURT:  Well, but based on what he's told me |
| 15:29:02 | 22 | so far, I would have difficulty in accepting that |
| 15:29:06 | 23 | representation.  And I'm not requiring him to look at the |
| 15:29:10 | 24 | images.  I think perhaps you and Mr. Hart can confer as to the |
| 15:29:17 | 25 | nature of the evidence and then I'm going to ask you to maybe |

15:29:20   1    accompany your client downstairs and for you to describe, as

15:29:25   2    you think's appropriate in your attorney/client relationship,

15:29:28   3    what the nature of that evidence is, and then we'll reconvene

15:29:33   4    in 45 minutes to an hour and see where we're at at that point.

15:29:38   5             MR. GRADERT:  That's fine, Your Honor.

15:29:39   6             THE COURT:  I think, in fairness, that's what I

15:29:41   7    need to do at this point.  So I'm going to declare a recess in

15:29:45   8    this hearing until 4:30 at the latest.  I know that our 4:00

15:29:52   9    o'clock folks are here, but I think I'm going to give 10 or 15

15:29:55   10   minutes to them for Mr. Gradert to look at what Mr. Hart has

15:30:00   11   here in the courtroom, and then he can go join his client.

15:30:06   12            Let me think.  How are we going to do this

15:30:07   13   procedurally?  You're all going to take Mr. Hibler back

15:30:09   14   downstairs.  Then, Mr. Gradert, are you going to go down there

15:30:13   15   after you've talked with Mr. Hart?

15:30:14   16            MR. GRADERT:  After I speak with Mr. Hart, I'll

15:30:14   17   run down to the marshal's office.

15:30:16   18            THE COURT:  Okay.

15:30:16   19            THE MARSHAL:  Your Honor, we'll take him directly

15:30:18   20   him downstairs, put him in an interview room.  And as soon as

15:30:22   21   they're done talking to each other, they'd come right down and

15:30:24   22   set right in immediately.

15:30:25   23            THE COURT:  All right.  Why don't we do that.

15:30:26   24   Then after you've taken Mr. Hibler down, why don't you go ahead

15:30:29   25   and bring the next defendant up.

| | | |
|---|---|---|
| 15:30:29 | 1 | THE MARSHAL:  Yes, Your Honor. |
| 15:30:30 | 2 | THE COURT:  Then I'll go ahead and take his matter |
| 15:30:32 | 3 | here in probably 10 or 15 minutes.  And then at about 4:15 to |
| 15:30:36 | 4 | 4:30, we'll reconvene this hearing and see where we're at. |
| 15:30:42 | 5 | THE MARSHAL:  Will do, Your Honor. |
| 15:30:43 | 6 | THE COURT:  Thank you very much.  So we'll be in |
| 15:30:44 | 7 | recess until that time. |
| 15:30:50 | 8 | (A recess was taken from 3:30 to 4:20 p.m.) |
| 16:21:15 | 9 | COURTROOM DEPUTY:  All rise.  United States |
| 16:21:17 | 10 | District Court for the District of Kansas is now in session, |
| 16:21:19 | 11 | the Honorable Eric F. Melgren presiding. |
| 16:21:22 | 12 | THE COURT:  You may all be seated. |
| 16:21:24 | 13 | Mr. Hibler, you understand that you're still under |
| 16:21:32 | 14 | oath from our earlier proceeding this afternoon? |
| 16:21:35 | 15 | THE DEFENDANT:  Yes. |
| 16:21:37 | 16 | THE COURT:  All right.  Mr. Hibler, I earlier was |
| 16:21:54 | 17 | reviewing with you the charges that you're facing in the |
| 16:21:59 | 18 | superseding indictment, and I think -- and I'll start with |
| 16:22:02 | 19 | Count 2, first of all.  And I think as to Count 2, which |
| 16:22:07 | 20 | charges that you possessed matters which contained visual |
| 16:22:11 | 21 | depictions of minors, which used minors engaging in sexually |
| 16:22:15 | 22 | explicit conduct and those have been transported in interstate |
| 16:22:17 | 23 | commerce, you admitted that that's true and correct; is that |
| 16:22:21 | 24 | correct, sir? |
| 16:22:22 | 25 | THE DEFENDANT:  Yes, Your Honor. |

| | | |
|---|---|---|
| 16:22:22 | 1 | THE COURT:  And that you did possess these; is |
| 16:22:24 | 2 | that accurate? |
| 16:22:25 | 3 | THE DEFENDANT:  Yes, Your Honor. |
| 16:22:25 | 4 | THE COURT:  And you admit to that? |
| 16:22:27 | 5 | THE DEFENDANT:  Yes, Your Honor. |
| 16:22:28 | 6 | THE COURT:  All right.  I thought you had done |
| 16:22:30 | 7 | that.  Let's go back to Count 1, which I understand that we had |
| 16:22:32 | 8 | a little bit of confusion on.  Count 1, again, says that you |
| 16:22:35 | 9 | are the parent or legal guardian of a minor named J.H., who's |
| 16:22:40 | 10 | born in 1999.  Is that -- let's just take this kind of a phrase |
| 16:22:44 | 11 | by phrase.  Is that a true statement? |
| 16:22:45 | 12 | THE DEFENDANT:  Yes, Your Honor. |
| 16:22:45 | 13 | THE COURT:  And Count 1 says that you knowingly |
| 16:22:48 | 14 | permitted this minor to engage in sexually explicit conduct, |
| 16:22:53 | 15 | which involved exposing his genitals and masturbating while in |
| 16:22:58 | 16 | front of an active web camera.  Is that a true statement, sir? |
| 16:23:03 | 17 | THE DEFENDANT:  Yes, Your Honor. |
| 16:23:04 | 18 | THE COURT:  And you admit that? |
| 16:23:05 | 19 | THE DEFENDANT:  Yes, Your Honor. |
| 16:23:05 | 20 | THE COURT:  And you agree that that's true and |
| 16:23:08 | 21 | that you did that? |
| 16:23:08 | 22 | THE DEFENDANT:  Yes, Your Honor. |
| 16:23:08 | 23 | THE COURT:  And Count 1 says that you did that |
| 16:23:11 | 24 | even though you knew or had reason to know that this visual |
| 16:23:15 | 25 | depiction would be transported through interstate commerce |

| | | |
|---|---|---|
| 16:23:22 | 1 | through the computer facilities.  Is that true; did you know |
| 16:23:25 | 2 | that? |
| 16:23:26 | 3 | THE DEFENDANT:  Yes, Your Honor. |
| 16:23:27 | 4 | THE COURT:  And you admit that you did that as |
| 16:23:29 | 5 | well? |
| 16:23:29 | 6 | THE DEFENDANT:  Yes, Your Honor. |
| 16:23:30 | 7 | THE COURT:  Very well.  You're here, Mr. Hibler, |
| 16:23:42 | 8 | then, to plead guilty to these counts, and you've admitted, as |
| 16:23:46 | 9 | to both of these counts in the superseding indictment, that you |
| 16:23:51 | 10 | did the facts involved.  And under a petition to enter a plea |
| 16:23:57 | 11 | of guilt that you have presented to this court, you're telling |
| 16:24:04 | 12 | the Court by signing this petition and entering it in the |
| 16:24:07 | 13 | Court's record that you are, in fact, guilty of these offenses. |
| 16:24:12 | 14 | Do you understand that, sir? |
| 16:24:13 | 15 | THE DEFENDANT:  Yes, Your Honor. |
| 16:24:13 | 16 | THE COURT:  And you're admitting that you |
| 16:24:16 | 17 | committed these crimes, as explained, as you sign this |
| 16:24:21 | 18 | petition.  Do you understand that, sir? |
| 16:24:22 | 19 | THE DEFENDANT:  Yes, Your Honor. |
| 16:24:22 | 20 | THE COURT:  So you understand the consequence of |
| 16:24:25 | 21 | signing this petition and admitting it to the court is -- and |
| 16:24:29 | 22 | presenting to the Court is admitting that you committed these |
| 16:24:32 | 23 | crimes and that you're guilty of them? |
| 16:24:34 | 24 | THE DEFENDANT:  Yes, Your Honor. |
| 16:24:34 | 25 | THE COURT:  And that you want to plead guilty to |

16:24:37  1  them and you want me to find you guilty of them; you understand

16:24:40  2  that, sir?

16:24:40  3              THE DEFENDANT:  Yes, Your Honor.

16:24:41  4              THE COURT:  And you understand that if you do that

16:24:44  5  you're giving up your right to go to trial?

16:24:47  6              THE DEFENDANT:  Yes, Your Honor.

16:24:48  7              THE COURT:  And by doing that you understand that

16:24:52  8  you will then have a presentence report prepared where a

16:25:00  9  guideline range sentence will be prepared under the U.S.

16:25:05  10  Sentencing Guidelines that will recommend a range of

16:25:07  11  sentencing?  Have you discussed that process with your

16:25:09  12  attorney?

16:25:09  13              THE DEFENDANT:  Yes, Your Honor.

16:25:10  14              THE COURT:  And you think you understand how that

16:25:13  15  works?

16:25:13  16              THE DEFENDANT:  Yes, Your Honor.

16:25:14  17              THE COURT:  And you understand that I'm not

16:25:19  18  obligated to accept that guideline sentence; I'm obligated to

16:25:22  19  consider it but not to accept it, and what sentence you receive

16:25:25  20  in this case will be solely up to me?  Are you clear about

16:25:28  21  that, sir?

16:25:28  22              THE DEFENDANT:  Yes, Your Honor.

16:25:29  23              THE COURT:  You understand, Mr. Hibler, that if

16:25:37  24  you sign this petition and enter this plea, that that's final

16:25:43  25  and that if I accept your plea you can't change your mind later

16:25:46   1   and withdraw it.  Are you clear about that?

16:25:49   2                   THE DEFENDANT:  Yes, Your Honor.

16:25:49   3                   THE COURT:  Are you pleading guilty today because

16:25:55   4   of any promises that have been made to you?  Let me rephrase

16:26:00   5   this question.  Are you pleading guilty today because you are

16:26:04   6   guilty of this offense and not because of any promises that

16:26:07   7   were made to you?

16:26:08   8                   THE DEFENDANT:  Yes, Your Honor.

16:26:09   9                   THE COURT:  Has anyone made any threats against

16:26:11   10  you to force you to plead guilty?

16:26:13   11                  THE DEFENDANT:  No, Your Honor.

16:26:14   12                  THE COURT:  Has anyone used any violence or force

16:26:16   13  against you to make you plead guilty?

16:26:19   14                  THE DEFENDANT:  No, Your Honor.

16:26:28   15                  THE COURT:  Before you enter your plea, do you

16:26:33   16  need any additional time to talk with your attorney about

16:26:35   17  anything?

16:26:36   18                  THE DEFENDANT:  No, Your Honor.

16:26:36   19                  THE COURT:  Are you prepared to enter your plea in

16:26:38   20  this case?

16:26:38   21                  THE DEFENDANT:  Yes, Your Honor.

16:26:39   22                  THE COURT:  Counsel for both sides, is there any

16:26:40   23  other matter you think I need to discuss with Mr. Hibler before

16:26:42   24  I take his plea?

16:26:44   25                  MR. HART:  Not from the Government, Your Honor.

12-20-10   USA v. HIBLER   10-10137

28

| | | |
|---|---|---|
| 16:26:46 | 1 | MR. GRADERT:  No, Your Honor.  I would tell the |
| 16:26:49 | 2 | Court that I have corrected the plea petition.  We talked |
| 16:26:52 | 3 | earlier about interlineating, but I've actually had time now to |
| 16:26:55 | 4 | correct it and I think it correctly states the term of |
| 16:26:58 | 5 | supervised release -- |
| 16:26:58 | 6 | THE COURT:  All right. |
| 16:26:59 | 7 | MR. GRADERT:  -- as an up-to-a-life-term of |
| 16:27:02 | 8 | supervised release. |
| 16:27:03 | 9 | THE COURT:  That's fine.  Thank you. |
| 16:27:04 | 10 | Mr. Hibler, are you ready to proceed? |
| 16:27:07 | 11 | THE DEFENDANT:  Yes, Your Honor. |
| 16:27:07 | 12 | THE COURT:  All right.  Reminding you that you're |
| 16:27:10 | 13 | still under oath, would you please stand, sir. |
| 16:27:12 | 14 | (The defendant complies.) |
| 16:27:13 | 15 | THE COURT:  Gary Jay Hibler, as to Count 1 under |
| 16:27:18 | 16 | the superseding indictment, how do you plead, guilty or not |
| 16:27:21 | 17 | guilty? |
| 16:27:21 | 18 | THE DEFENDANT:  Guilty, Your Honor. |
| 16:27:23 | 19 | THE COURT:  As to Count 2 under the superseding |
| 16:27:25 | 20 | indictment, how do you plead, guilty or not guilty? |
| 16:27:28 | 21 | THE DEFENDANT:  Guilty, Your Honor. |
| 16:27:30 | 22 | THE COURT:  Mr. Gradert, you can assist your |
| 16:27:32 | 23 | client in executing the petition and submitting the document to |
| 16:27:34 | 24 | me. |
| 16:27:35 | 25 | (The defendant complies.) |

16:27:41  1              MR. GRADERT:  Your Honor, Mr. Hibler has signed

16:27:43  2  and dated the original petition to plead guilty, and I have

16:27:47  3  executed and dated the certificate of counsel, and I'll present

16:27:50  4  that to the Court at this time.

16:28:08  5              THE COURT:  Counsel, do either of you know of any

16:28:09  6  reason why I should not accept this plea?

16:28:12  7              MR. HART:  The Government knows of none, Your

16:28:14  8  Honor.

16:28:14  9              MR. GRADERT:  No, Your Honor.

16:28:16  10             THE COURT:  Very well.

16:28:17  11             I find that the defendant has made his plea

16:28:22  12  freely, voluntarily, and knowingly, and because he is guilty as

16:28:27  13  charged, and not out of ignorance, fear, inadvertence, or

16:28:32  14  coercion, but with a full understanding of the consequences.  I

16:28:37  15  further find that he's admitted to the essential elements of

16:28:40  16  the crimes charged and that he's mentally competent to do so.

16:28:44  17  I'm, therefore, ordering that the defendant's plea of guilty be

16:28:47  18  accepted and entered as prayed for in his petition and as

16:28:50  19  recommended by his counsel.

16:28:52  20             I'm going to ask the United States Probation

16:28:55  21  Office to prepare a presentencing report.  In connection with

16:28:58  22  that report, Mr. Hibler, they'll want to interview you.  And

16:29:01  23  you should have your attorney present for that interview or, at

16:29:04  24  a minimum, at least discuss it with him in advance so that he

16:29:07  25  can advise you about that.  Do you understand, sir?

12-20-10   USA v. HIBLER   10-10137

30

| | | |
|---|---|---|
| 16:29:09 | 1 | THE DEFENDANT:  Yes, Your Honor. |
| 16:29:10 | 2 | THE COURT:  What date can we set sentencing for in |
| 16:29:13 | 3 | this case? |
| 16:29:13 | 4 | COURTROOM DEPUTY:  March 7th at 2:30. |
| 16:29:16 | 5 | THE COURT:  Sentencing will be set accordingly. |
| 16:29:19 | 6 | Is there anything else that needs to come before the court at |
| 16:29:21 | 7 | this time? |
| 16:29:22 | 8 | MR. HART:  No, Your Honor. |
| 16:29:22 | 9 | MR. GRADERT:  No, Your Honor. |
| 16:29:23 | 10 | THE COURT:  All right.  Defendant's remanded to |
| 16:29:25 | 11 | custody of the United States Marshals.  This cases is in |
| 16:29:29 | 12 | recess. |
| 16:29:31 | 13 | (Whereupon, the proceedings were concluded at |
| 16:29:32 | 14 | 4:29 p.m.) |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

                    C E R T I F I C A T E

          I, Johanna L. Wilkinson, United States Court
Reporter in and for the District of Kansas, do hereby
certify:

          That the above and foregoing proceedings were
taken by me at said time and place in stenotype;

          That thereafter said proceedings were
transcribed under my direction and supervision by means
of computer-aided transcription, and that the above and
foregoing constitutes a full, true and correct
transcript of said proceedings;

          That I am a disinterested person to the said
action.

          IN WITNESS WHEREOF, I hereto set my hand on
this the 26th day of April, 2012.


                    s/ Johanna L. Wilkinson
                    Johanna L. Wilkinson, CSR, CRR, RMR
                    United States Court Reporter