# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 10-10137-EFM

GARY JAY HIBLER,

    *Defendant.*

## MEMORANDUM AND ORDER

Defendant Gary Jay Hibler was sentenced to 262 months imprisonment after he pleaded guilty to producing and possessing child pornography in violation of 28 U.S.C. §§ 2251(b), 2252(a)(4)(B). Hibler now brings a motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 62), arguing that his incarceration is unlawful because (1) he received ineffective assistance of counsel from his court-appointed attorney during plea bargaining, and (2) his guilty plea was coerced due to familial circumstances and pressure from his attorney. Because review of Hibler's motion and the files and record of the case conclusively show that he is not entitled to relief under § 2255, the Court denies the motion without an evidentiary hearing.

### I. Factual and Procedural Background

On December 1, 2010, Defendant Gary Hibler was charged by superseding indictment with one count of production of child pornography and one count of possession of child pornography,

after investigators recovered a video on a computer in North Dakota that showed Hibler and his minor son masturbating in front of a web camera, and found child pornography stored on Hibler's computer.[1] Counsel was appointed to represent Hibler, and he subsequently pleaded guilty to both counts of the indictment. Hibler now brings this petition for habeas corpus under 18 U.S.C. § 2255. Hibler alleges that his imprisonment violates the Constitution because (1) he was denied his Sixth Amendment right to effective assistance of counsel, and (2) his guilty plea was coerced. The Court disagrees.

## II. Legal Standard

A motion under 28 U.S.C. § 2255 challenges the legality of the petitioner's detention.[2] Section 2255 allows a federal prisoner to petition the court to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States."[3] To obtain habeas relief on the basis of constitutional error, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict."[4] And a petitioner must prove that any alleged nonconstitutional errors caused a "fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process."[5] A court must hold an evidentiary hearing

---

[1] *See* 18 U.S.C. §§ 2251(b) (production of child pornography by a parent or guardian), 2252(a)(4)(B) (possession of child pornography).

[2] *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[3] 28 U.S.C. § 2255(a).

[4] *United States v. Johnson*, 995 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[5] *Id.* (citing *Reed v. Farley*, 512 U.S. 339, 353–54 (1994)).

on a § 2255 motion unless the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief.[6]

### III. Analysis

Hibler makes two arguments in support of his § 2255 motion to vacate or set aside his sentence. Hibler first argues that his sentence must be vacated because he was denied his constitutional right to effective assistance of counsel. Second, Hibler argues that he involuntarily entered guilty pleas because concerns about his son's welfare and pressure from his attorney created a coercive atmosphere. The Court will address each argument in turn.

**A.  The motion, record, and files of the case do not support Hibler's contention that he received ineffective assistance of counsel.**

Hibler was represented at the trial stage by Steven Gradert from the Office of the Federal Public Defender. Hibler alleges that Mr. Gradert's representation fell below an acceptable level of performance because Mr. Gradert did not sufficiently communicate with Hibler, and did not challenge the Government's evidence or negotiate any concessions during plea bargaining. Hibler reports that Mr. Gradert rarely visited, and when he did, he was only interested in plea bargaining. And although Hibler "acknowledge[s] that the case against him was not particularly weak," he argues that there were evidentiary and legal issues Mr. Gradert failed to explore, such as whether Hibler's son initiated the video chat and whether Hibler was involved in the production of the child pornography.[7]

---

[6] 28 U.S.C. § 2255(b).

[7] Doc. 53, p. 2.

To succeed on his claim of ineffective assistance of counsel, Hibler must meet the two-prong test announced in *Strickland v. Washington*.[8] Under *Strickland*, a defendant claiming ineffective assistance of counsel must prove that (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) that deficiency prejudiced the defendant because it deprived him of the right to a fair trial.[9] Courts reviewing an attorney's performance for ineffective assistance of counsel must exercise deference—"counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[10]

In *Hill v. Lockhart*, the Supreme Court held that a defendant who alleges ineffective assistance of counsel after pleading guilty can show prejudice only if there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[11] But in the last year, the Supreme Court twice revisited the issue of ineffective assistance of counsel during plea bargaining.[12] In *Missouri v. Frye*, the defendant claimed ineffective assistance of counsel because his attorney failed to communicate a plea offer before it expired, and the defendant subsequently pleaded guilty without a plea agreement and received a less

---

[8] 466 U.S. 668 (1984).

[9] *Id.* at 687–88.

[10] *Id.* at 689–90.

[11] 474 U.S. 52, 59 (1985).

[12] *See Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012) (finding ineffective assistance of counsel when defense counsel failed to timely communicate to the defendant a formal plea offer from the prosecution and the defendant consequently received a longer sentence than the original plea offer); *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012) (finding ineffective assistance of counsel when defense counsel advised the defendant to reject a plea offer and go to trial based on an erroneous legal theory).

favorable sentence.[13] The Supreme Court began its *Strickland* analysis by affirming *Hill* with the following clarification: "*Hill* does not, however, provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations."[14] The Court went on to hold:

> In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s inquiry into whether "the result of the proceeding would have been different," requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.[15]

Although the above-quoted language appears to limit the Court's holding to instances involving an earlier plea agreement that was either denied or expired, the Tenth Circuit recently applied *Frye* in a broader context. In *United States v. Moya*, the defendant appealed the final decision in his § 2255 motion, claiming deficient representation because his attorney failed to negotiate a plea agreement that preserved certain rights to appellate review and a downward departure.[16] There was no evidence that such a plea agreement—or any "more favorable earlier plea offer"[17]—ever existed. Nevertheless, the Tenth Circuit discussed *Frye* and found that the Moya's ineffective-assistance-of-counsel claim failed because he "allege[d] no facts that would suggest his attorney could have successfully negotiated a plea agreement" with the provisions Moya wanted.[18]

---

[13] 132 S. Ct. at 1404–05.

[14] *Id.* at 1409–10.

[15] *Id.* at 1410 (internal citation omitted).

[16] No. 11-2232, slip op. at 2–3 (10th Cir. Apr. 16, 2012).

[17] *Frye*, 132 S. Ct. at 1410.

[18] *Moya*, No. 11-2232, slip op. at 6.

In so holding, it appears the Tenth Circuit has interpreted *Frye* as holding that the test for prejudice from ineffective assistance of counsel during plea bargaining is whether the attorney's deficient representation prevented the defendant from obtaining a better plea deal, regardless of whether a prior plea agreement was ever offered.

The Tenth Circuit's decision to apply *Frye* to a claim of ineffective assistance of counsel in the plea bargaining stage when no prior plea agreement existed is significant because it has practical implications for the district courts. Courts decide claims of ineffective assistance of counsel on an ad hoc basis and must know what circumstances to consider when reviewing allegedly-deficient representation.[19] Under *Frye*, a court need only compare the plea offer the defendant accepted to the offer that expired or was denied. In contrast, the Tenth Circuit's test asks whether a better plea deal could have existed in the abstract. That abstract analysis may require courts to review attorneys' performances—including plea negotiations—with greater scrutiny, entertain more hypothetical scenarios, and engage in some measure of guesswork to decide whether the prosecution would have offered the defendant a better deal absent deficient representation.[20] Following the Tenth Circuit's precedent, the *Strickland* test applicable in this case asks (1) whether Mr. Gradert's representation of Hibler was deficient, and (2) whether, in the absence of such deficiencies, Hibler could have obtained a more favorable plea bargain.

---

[19] *See Strickland*, 466 U.S. at 688–89.

[20] The Government in this case explicitly informed the Court that there was "no 'reasonable probability'" that the defendant could have obtained some better deal from the government than the one he declined." Doc. 66, p. 8 n.1. Without this assertion from the Government, the Court would have had to consider whether the Government was likely to engage in further negotiations. In fact, had the Government's response not informed the Court that it made a plea offer, the Court may have assumed no plea negotiations occurred at all.

The Court finds that Hibler has not alleged facts sufficient to show that Mr. Gradert "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[21] The Court need not detail its analysis on the first prong of the *Strickland* test because Hibler cannot show that any alleged deficiency in Mr. Gradert's representation caused prejudice.[22] First, Hibler fails to meet the prejudice analysis outlined in *Hill*. Although Hibler's § 2255 motion objects to Mr. Gradert's advice to plead guilty, the motion does not go so far as to state that, but for inadequate counsel, Hibler would have gone to trial. Absent that argument, the fact that Mr. Gradert did not pursue certain evidentiary or legal avenues is irrelevant because Hibler cannot show Mr. Gradert's lack of action prejudiced Hibler in any way.

Second, the fact that Hibler "enter[ed] a plea without the benefit of any bargain or concession on behalf of the Government" does not prove prejudice from deficient representation.[23] In fact, the Government produced evidence that Mr. Gradert did negotiate a plea agreement, but Hibler elected to decline the plea offer and plead guilty to both counts without an underlying agreement. Unlike *Frye*, Hibler presents no evidence that the earlier plea agreement was a more favorable offer than the sentence he received, or that some error on Mr. Gradert's part prevented Hibler from accepting the agreement. Hibler's arguments also fall short of the Tenth Circuit's abstract *Frye* analysis. Although it is within the realm of possibility that the Government would have offered a more favorable plea agreement if Mr. Gradert filed motions challenging the evidence against Hibler, that

---

[21] *Id.* at 687.

[22] *See, e.g.*, *United States v. Gonzalez*, 596 F.3d 1228, 1233 (10th Cir. 2010) ("It is permissible for a reviewing court, if it so chooses, to proceed directly to the prejudice prong of the *Strickland* analysis.").

[23] Doc. 53, p. 1.

outcome was not reasonably probable.[24] Hibler himself concedes that "the case against him was not particularly weak,"[25] the issues Hibler identifies in his motion would likely go to weight rather than admissibility of the evidence, and the Government's response intimates that it was unlikely Hibler would have been offered a better deal than the one he declined.

Finally, Hibler's repeated assertion that he could have pleaded guilty as charged without the assistance of counsel also fails to show either error or prejudice. And that argument discounts the fact that Hibler received a thirty-month downward departure from his guidelines sentence because Mr. Gradert successfully petitioned the court to reconsider Hibler's criminal history category. In sum, nothing in Hibler's motion or the files and records of the case indicate that, absent Mr. Gradert's alleged errors, Hibler would have gone to trial or otherwise obtained a more favorable outcome on these charges. Therefore, the Court denies Hibler's request for an evidentiary hearing and finds that he is not entitled to habeas relief on his claim of ineffective assistance of counsel.

**B.    The motion, record, and files of the case do not support Hibler's contention that his guilty plea was coerced.**

Hibler next argues that he did not voluntarily plead guilty. Hibler argues that he was informed by family members that his son was placed in foster care and had to be moved to a new home after suffering emotional and verbal abuse. Hibler states that his family told him that Hibler's son could not be placed with a family member until the criminal case was resolved. Hibler argues that his desire to protect his son from further abuse and pressure from his attorney to plead guilty created a coercive environment such that Hibler felt he had to enter a guilty plea.

---

[24] *See Mora*, No. 11-2232, slip op. at 6.

[25] Doc. 53, p. 2.

A valid guilty plea must be the result of "a voluntary and intelligent choice among the alternative courses of action open to the defendant."[26] A guilty plea is invalid if coerced;[27] however, an allegedly-coerced plea is rendered constitutionally invalid under the Fourteenth Amendment only if the coercive conduct is fairly traceable to the state.[28] "Unavoidable influence or pressure from sources such as codefendants, friends or family does not make a plea involuntary . . . ."[29] Furthermore, Fed. R. Crim. P. 11 safeguards against involuntary guilty pleas by requiring courts to engage in a plea colloquy to ensure that (1) the defendant understands the nature of each charge, and (2) an adequate factual basis supports each guilty plea.[30]

In this case, Hibler's decision to plead guilty in hopes of expediting his son's placement with relatives was a voluntary choice between the alternatives available to him. Every criminal defendant deciding whether to enter a guilty plea is undoubtedly influenced by factors extraneous to the individual's guilt or innocence, such as offers of leniency, the weight of the evidence, and the advice and wishes of counsel, family, and friends. So long as these influences do not overbear the defendant's free will and compel him to plead guilty, the decision to plead guilty is uncoerced.[31] Although Hibler makes a credible argument that he was experiencing stress at the time he pleaded

---

[26] *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

[27] *See Osborn v. Shillinger*, 997 F.2d 1324, 1327 (10th Cir. 1993).

[28] *See Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991).

[29] *Id.*, *accord Miles v. Dorsey*, 61 F.3d 1459, 1469 (10th Cir. 1995).

[30] Fed. R. Crim. P. 11(b).

[31] *See Miles*, 61 F.3d at 1469–70 (finding that a defendant's decision to plead was voluntary because, although his family urged him to plead so that they would receive leniency, "they did not force, threaten, or coerce him to do so").

guilty, he has not alleged the existence of any evidence showing that he did not plead guilty of his own free will.³²

Furthermore, the record indicates that Hibler's decision to enter guilty pleas to each count was made knowingly and voluntarily. Hibler initially told the Court he could not remember making a pornographic video with his son as alleged in Count 1. The Court then called a recess so that Hibler could have an opportunity to review the Government's exhibits. When the hearing reconvened, the Court walked through each element of Count 1 with Hibler, and after each statement of fact, Hibler admitted under oath to the conduct alleged therein. The Court then asked Hibler twice whether he understood that, by signing the petition to enter a plea of guilt, he was admitting that he committed the crimes charged and wanted to plead guilty. And just before asking Hibler whether he was prepared to enter a plea, the Court asked Hibler a series of questions verifying that Hibler was not pleading guilty in response to any promises, threats, violence, or force. A defendant's declarations made under oath during a plea colloquy in open court "carry a strong presumption of verity."³³ Hibler's contention that his desire to protect his son and his attorney's advice to plead guilty "created a coercive situation" is not sufficient to overcome that presumption. A "coercive situation" is distinct from threats or promises that overtook Hibler's free will, and absent allegations of the latter, Hibler's sworn statements during the plea colloquy that he was

---

[32] *See id.* at 1470–71 ("Although deadlines, mental anguish, depression, and stress are inevitable hallmarks of pretrial plea discussions, such factors considered individually or in aggregate do not establish that Petitioner's plea was involuntary.").

[33] *United States v. Ferguson*, 360 Fed. App'x 969, 974 (10th Cir. 2010) (citation omitted).

entering his pleas voluntarily prevail.[34] The Court therefore denies Hibler's petition for relief on this claim without an evidentiary hearing.[35]

In conclusion, after reviewing Hibler's motion, the Government's response, and hearing transcripts from this case, the Court concludes that Hibler is not entitled to relief under § 2255 and denies the petition without a hearing.

### IV. Certificate of Appealability

Appeal from a final decision on a petition brought under 28 U.S.C. § 2255 is not permitted unless a circuit or district judge issues a certificate of appealability in accordance with 28 U.S.C. § 2253(c).[36] The Court declines to grant Hibler a certificate of appealability in this case because he did not make a substantial showing that he was denied a constitutional right.[37] Hibler's arguments did not "raise issues that are debatable among jurists, or that a court could resolve differently, or that deserve further proceedings."[38] Because neither Hibler's motion nor the record and files of the case allege the existence of any evidence that would give merit to Hibler's claims of coercion and ineffective assistance of counsel, further review of Hibler's petition for habeas corpus is unnecessary.

---

[34] *See United States v. Pena-Baez*, 359 Fed. App'x 36, 38 (10th Cir. 2009) (denying a certificate of appealability from a denied § 2255 motion because the defendant's conclusory allegations that contradicted statements he made under other during his plea colloquy were insufficient to support any further claim for relief).

[35] *See Lasiter v. Thomas*, 89 F.3d 699, 703 (denying a petition for habeas corpus claiming that the petitioner's plea was involuntary because the petitioner "was bound by his 'solemn declarations in open court' and his unsubstantiated efforts to refute that record were not sufficient to require a hearing").

[36] Fed. R. App. P. 22(b)(1).

[37] *See* 28 U.S.C. § 2253(c)(2).

[38] *United States v. Brown*, 993 F. Supp. 1338, 1343 (D. Kan. 1997); *see also United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006).

**IT IS ACCORDINGLY ORDERED** this 11th day of June, 2012 that Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 62) is hereby **DENIED**.

**IT IS SO ORDERED**.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE